### 29760. HALL *v.* HELTON.

DECIDED NOVEMBER 20, 1942.

*R. R. Jones,* for plaintiff in error. *M. C. Edwards,* contra.

STEPHENS, P. J. This case originated in a justice's court by an attachment sued out by C. T. Helton against Buster Hall, on December 20, 1940. A declaration in attachment was filed, in which it was alleged that Helton made a contract with Hall on December 5, 1940, to operate a one-horse crop on shares for 1941; that Hall entered into the operation of the farm, but refused to carry out the contract, abandoned the farm, and moved to a farm operated by C. E. Bryson, that in so doing he damaged Helton in the sum of $95, in that Helton was unable to rent the land, obtain a cropper for the land, or work it otherwise; that the rent or cropping of the farm, which consisted of forty acres of land, for 1941 was reasonably worth $95; and that by the acts of Hall as above alleged Helton suffered loss and damage of $95.

The defendant demurred to the declaration as amended on the grounds that no cause of action was set out; that the declaration as amended showed on its face that the contract to be performed by the defendant was one of labor and was not to be performed within one year from its date; that it did not appear that the contract was in writing as required by the statute of frauds; that the attachment was sued out prematurely, in that it was sued out on

December 20, 1940, which was before the time for the commencement of the performance of the contract; that the damages sought to be recovered were too remote and speculative to form the basis of a recovery; that the declaration did not correctly set forth the measure of damages for the anticipated breach of contract; that it failed to allege how and in what manner the plaintiff has been damaged in the sum sued for; that it failed to allege any act or thing done by the plaintiff to lessen the damages claimed; and that it failed to show what crops were to be planted, the quantity thereof, what amount would be produced, the price thereof, or any other fact sufficient to show how the plaintiff would be damaged in the sum sued for.

The case was tried in the justice's court, and appealed to the superior court. On December 10, 1941, in the superior court, Helton amended his declaration and alleged that the contract was to begin on December 5, 1940, and end on December 1, 1941; that there was a part performance of the contract; that Hall had begun plowing and planting crops; that the defendant had operated this farm for the plaintiff in 1940; that he began the "crop year" for 1940 on December 1, 1939, as it is necessary to sow crops in the fall for grain, and to prevent soil erosion the "crop year" ran from December each year, and that the contract sued on was delayed as both parties wished to make some change in the land to be cultivated; that the agreement was reached December 5, 1940, and the defendant began plowing and planting crops on the land; that the contract was to run for only eleven months and twenty-seven days; that the defendant had farmed the same land the previous year "and the profits were the amount claimed;" that these damages were the legal and natural result of the act done; that the act of the defendant was the natural and probable cause of the damages done; that such act was done with intention to damage the plaintiff; and that such act did damage the plaintiff in the sum of $95.

The defendant concedes that the plaintiff's amendment met the ground of demurrer that the contract being one for labor and not to be performed in one year was required to be in writing.

Properly construed, the declaration as amended showed that for the crop year 1941 the defendant entered into an agreement with the plaintiff to operate the farm as a share cropper; that the plain-

tiff was to receive from the operation of the farm one half of the crop raised; that the defendant began the performance of such agreement by plowing the land and planting crops, and that after entering into the operation of the farm he refused to carry out his agreement, abandoned the farm, and moved from it to a farm operated by another; that the plaintiff was injured and damaged, by the act of the defendant in failing and refusing to carry out his agreement and operate the farm for the crop year 1941 as a share cropper, in the sum of $95, and that the plaintiff has been unable to rent the land or to obtain any share cropper for the farm or to obtain a laborer to work the farm for him. The declaration as amended set out a cause of action for the breach by the defendant of his contract or agreement to operate the farm for that year, and it was alleged that because of the defendant's refusal and failure to perform his agreement the plaintiff had suffered damages in the sum of $95. The judge did not err in overruling the general demurrer to the declaration as amended. See *Walker* v. *Jenkins*, 32 *Ga. App.* 238 (123 S. E. 161). In such an action the plaintiff's measure of damages would be the actual loss sustained by him as the result of the defendant's breach of the agreement. In estimating the amount of such damages all facts tending to show it may be considered. In estimating such damages it would be proper for the jury to consider the plaintiff's probable loss of profits, and in ascertaining the amount of these the plaintiff would be entitled to show that the defendant had operated the farm for the previous year on the same basis, and as a result thereof the plaintiff had received certain profits from the sale of his share of the crops raised. The plaintiff alleged that after the defendant abandoned the farm and refused to continue its operation he was unable to rent it, unable to procure another share cropper, and unable to obtain a farm laborer to operate it for him. The plaintiff was deprived of the use of his land as a farm for the entire crop year 1941 as a result of the defendant's breach of his agreement, and was unable to rent the same. The plaintiff alleged that the farm consisted of forty acres of land and that it was reasonably worth $95 for the crop year 1941 for rent or for share cropping, and that by the defendant's breach of his agreement the plaintiff suffered loss and damage in that sum. While the plaintiff should not be permitted to recover the loss of anticipated profits

to be derived from the operation of the farm, the amount of such profits being entirely speculative and dependent upon many contingencies, including the seasons and the market prices as well as the amount, nature, and quality of the crops raised, the plaintiff would be entitled to recover the actual loss and damage sustained by him as a direct result of the defendant's failure to perform his agreement; and it appears from the declaration, disregarding the superfluous allegations relatively to anticipated profits, that the rental value of the farm was $95, and that as a result of the defendant's failure to perform his agreement the plaintiff has been deprived of the rent of his farm for the crop year 1941.

In a suit for a breach of contract of this nature it is not incumbent on the plaintiff to show that he did all that was necessary to lessen the damages sustained as the result of the breach of the contract. This would be a matter to be alleged in defense, or partial defense, of the claim. See *Walker* v. *Jenkins,* supra. It follows that the judge did not err in overruling the special demurrers to the declaration in attachment as amended.

*Judgment affirmed. Sutton and Felton, JJ., concur.*